UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
:
NKOSI GRAY, :
:
Plaintiff, :
: 07 Civ. 4039 (SCR)(MDF)
-against- :
: REPORT AND RECOMMENDATION
AMERICREDIT FINANCIAL :
SERVICES, INC., Assignee of :
POTAMKIN CADILLAC BUICK :
CHEVROLET, and :
RONALD L. KONOVE, :
:
Defendants. :
--------------------------------------------------------x

TO: THE HONORABLE STEPHEN C. ROBINSON, U.S.D.J.

Plaintiff, Nkosi Gray ("Plaintiff" or "Mr. Gray"), captions his complaint a "PETITION TO OVERTURN STATE COURT RULING," and proceeds *pro se* in this action brought under 42 U.S.C. § 1983 and § 1985 against Americredit Financial Services, Inc. ("Americredit"), as assignee of Potamkin Cadillac Buick Chevrolet, and Americredit's attorney, Ronald L. Konove (together, the "Defendants"). Now before me is the Defendants' motion to dismiss (Docket No. 8), which asserts, *inter alia*, that the complaint should be dismissed on *res judicata* grounds. For the reasons that follow, I recommend that this case be dismissed.

## BACKGROUND

**State Court Action**

Mr. Gray was sued by Americredit in New York State Supreme Court, New York County. *See* Aff. of Ronald L. Konove, Dec. 7, 2007 ("Konove Aff."), Ex. D (Index. No. 0117860/03). In a written decision dated March 9, 2004, the Honorable Rolando T. Acosta found that Americredit

had established, on its cross motion for summary judgment, that Mr. Gray "entered into a retail installment contract for the purchase of [a 2000 Ford Explorer vehicle] on or about December 20, 2001, that the installment contract was assigned to [Americredit], that [Mr. Gray] defaulted on his account, and that [Mr. Gray] owes [Americredit] $16,738.85 pursuant to the installment contract." Accordingly, the Court awarded to Americredit possession of the 2000 Ford Explorer, or, in the alternative, judgment in the amount of $16,738.85. The Court also ordered the New York State Department of State to vacate and discharge a UCC lien filed by Mr. Gray on October 20, 2003, because the filing of the lien was found by the Court to be false and fraudulent. *Id.*

**The Complaint**

On May 23, 2007, Mr. Gray filed the complaint in this action, in which he seeks to overturn the state court ruling by alleging, *inter alia*, that the state court lacked jurisdiction and issued a decision that is void as articulated. Mr. Gray further asserts that Americredit conspired with Mr. Konove to deprive him of his rights under the Fifth and Fourteenth Amendments to the United States Constitution, and that the Defendants violated the Fair Debt Collection Practices Act ("FDCPA").

According to the complaint, Americredit asserted in the state court proceeding that because it had purchased Mr. Gray's installment purchase debt from Potamkin Cadillac Buick Chevrolet ("Potamkin"), a New York car dealership, it had standing to sue based on the transaction between Mr. Gray and Potamkin. Mr. Gray contends, *inter alia*, that Americredit failed to demonstrate that it was a co-signer on the original promissory note or installment loan application, and, therefore, did not have standing to bring a lawsuit based on this transaction. *See* Compl. ¶ 6.

2

**DISCUSSION**

Because Plaintiff proceeds *pro se*, his pleadings must be held to "less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (citations omitted). Nevertheless, the subject-matter jurisdiction of federal courts is limited. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501-02 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

***Rooker-Feldman***

Under the *Rooker-Feldman* doctrine, federal district courts are deprived of subject-matter jurisdiction over actions that essentially seek appellate review of a state court decision. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). The Supreme Court has confined this doctrine to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. In accordance with this instruction, the Second Circuit has identified four requirements for applying the *Rooker-Feldman* doctrine: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state court judgment; (3) the plaintiff must invite the district court to review and reject that judgment; and (4) the state court judgment must have been rendered before the commencement of the district court proceedings. *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005). Generally, the first and fourth requirements are

3

considered procedural while the second and third are considered substantive. *Id.*

Here, the so-called procedural requirements are clearly met. On March 9, 2004, New York Supreme Court Justice Acosta issued a decision and judgment against Mr. Gray, which was filed with notice of entry on March 11, 2004 and served on Mr. Gray on March 30, 2004, well before this action was initiated on May 23, 2007. *See* Konove Aff. ¶ 19.

With respect to the so-called substantive requirements, Plaintiff is clearly complaining of, and inviting this court to reject, the judgment entered against him in state court for his defaulting on payment of the installment contract for his vehicle. Indeed, Plaintiff fashions his complaint as a "PETITION TO OVERTURN STATE COURT RULING," and states, specifically, that he seeks "to set aside and declare void the state court ruling, which is the subject of this lawsuit." Compl. ¶ 44. That Plaintiff may now rely on legal theories not raised in state court is of no moment. The Second Circuit has explained that "a federal plaintiff cannot escape the *Rooker-Feldman* bar simply by relying on a legal theory not raised in state court." *Hoblock*, 422 F.3d at 87.

Foreclosure cases are instructive in this context. Courts in this Circuit have consistently held that a plaintiff who lost possession of his home in a state court foreclosure proceeding is barred by the *Rooker-Feldman* doctrine from attacking the state court judgment in federal district court. *See Feinstein v. Chase Manhattan Bank*, No. 06 CV 1512, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 5, 2006) (citing cases); *Mareno v. Dime Savings Bank of New York*, 421 F. Supp. 2d 722, 726-27 (S.D.N.Y. 2006). This case is analogous. Here, Mr. Gray lost possession of his car (or, alternatively, the amount he owed on the car) pursuant to a state court judgment. He now comes to this Court seeking to overturn that judgment by claiming that the state court's order

violated his constitutional rights.  This he may not do.  *See*, *e.g.*, *Trakansook v. Astoria Fed. Sav. and Loan Ass'n*, No. 06 CV 1640, 2007 WL 1160433, at *6 (E.D.N.Y. Apr. 18, 2007) (citing *Hoblock*, 422 F.3d at 87).

Mr. Gray also seems to argue that his injuries were caused by the Defendants' effort to obtain a state court judgment against him.  *See*, *e.g.*, Compl. ¶¶ 12 (alleging Mr. Konove "compounded the fraud" by claiming the allegations in his client's complaint were true); 39 (alleging the Defendants attempted to collect a debt they cannot lawfully collect); 41-42 (alleging injury from being forced to defend against a frivolous action in state court).  By these allegations, Mr. Gray's injury was caused not by the state court's judgment, but rather by the Defendant's decision to seek judgment against him.  *See id.* ¶ 39 ("The Defendants acted to misrepresent themselves as a party who has the right of subrogation and took actions that they are not entitled to take, in filing a lawsuit against me, since they do not have the right of subrogation and thus do not have standing to sue, thereby violating the [FDCPA].").  However, to credit this claim – particularly where, as here, the purported injury suffered by Plaintiff stems exclusively from the state court judgment sought by the Defendants – would render obsolete the *Rooker-Feldman* doctrine, because "*every* state court judgment is prompted by a litigant's application."  *See Trakansook*, 2007 WL 1160433, at *5 & n.4 (emphasis in original).

While I am sympathetic to the fact that Mr. Gray proceeds *pro se*, there can be no dispute that this Court is not an appellate court to review what the New York State Supreme Court does.

## *Res Judicata*

Even if Mr. Gray's could escape the confines of the *Rooker-Feldman* doctrine,[1] his claims would be barred under the doctrine of *res judicata*, or claim preclusion, which provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 284-85 (2d Cir. 2000) (citations omitted).

"The preclusive effect of a New York judgment in a subsequent federal action is determined by New York law." *Ponterio v. Kaye*, No. 06 Civ. 6289, 2007 WL 141053, at *6 (S.D.N.Y. Jan. 22, 2007) (citations omitted). New York requires an identity of issues and

---

[1] Plaintiff seems to argue that his claims should be exempt from the *Rooker-Feldman* doctrine under a fraud exception. *See* Compl. ¶ 1. While the Second Circuit "has never recognized a blanket fraud exception to *Rooker-Feldman*," *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 186-87 (2d Cir. 1999), some courts in this Circuit have allowed plaintiffs claiming that a state court judgment was procured by fraud to escape the doctrine. *See Marshall v. Grant*, 521 F. Supp. 2d 240, 244-45 (E.D.N.Y. 2007) (allegations of "perjury, fraud and misrepresentations . . . are the type of claims held by the *Exxon Mobil* Court to be independent from the state judgment because they allege fraud in the procurement of the judgment and not just that the state court issued an incorrect opinion") (citing *Exxon Mobil*, 544 U.S. at 293; *Mac Pherson v. State Street Bank and Trust Co.*, 452 F. Supp. 2d 133, 140 (E.D.N.Y. 2006)). Other courts have gone the other way. *See O'Donnoll v. United States*, No. 05 CV 713, 2007 WL 983311, at *4 (N.D.N.Y. Mar. 30, 2007) ("[T]he fact that Plaintiff alleges fraud does not make the *Rooker-Feldman* doctrine inapplicable.") (citing cases); *Seabury v. City of New York*, No. 06 CV 1477, 2006 WL 1367396, at *6 (E.D.N.Y. May 18, 2006) ("[T]o the extent plaintiff brings the instant complaint as a means to challenge the state court decisions, this Court lacks jurisdiction to consider Plaintiff's claims that the state court judgment was procured by perjury, fraud and deceit.") (internal quotations omitted); *see also Schuh v. Druckman & Sinel, L.L.P.*, No. 07 Civ. 366, 2008 WL 542504, at *7 (S.D.N.Y. Feb. 29, 2008). Here, I need not reach this issue because the so-called fraud that Plaintiff seems to allege – notably, without any specificity as required by Rule 9(b) – stems not from fraud in the procurement of the state court judgment, but instead from Americredit's procurement of the underlying loan. *See* Pl.'s Opp. to Defs.' Mot. to Dismiss, Feb. 1, 2008 ("Pl.'s Opp. Br.") at 7 (alleging that Defendants committed "fraud and fraudulent conversion by attempting to transform the loan backed by no valuable consideration, into a security device which can be used to obtain a lien and subsequent ownership of the Ford Explorer").

identity of parties for *res judicata* to apply, and adheres to a broad transactional analysis. Thus, a later claim that arises from the same transaction or series of transactions will be barred even if the later claim is based on different legal theories or seeks additional relief. *See Ferris v. Cuevas*, 118 F.3d 122, 126 (2d Cir. 1997); *Ruiz v. Comm'r of Dep't of Transp. of City of New York*, 858 F.2d 898, 902 (2d Cir. 1988). "[W]hatever legal theory is advanced, when the factual predicate upon which claims are based are substantially identical, the claims are deemed to be duplicative for purposes of *res judicata*." *Berlitz Schools of Languages of America, Inc. v. Everest House*, 619 F.2d 211, 215 (2d Cir. 1980).

*Res judicata* applies where: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same parties or those in privity with them; and (3) the claims asserted in the subsequent action were or could have been raised in the prior action. *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (citations omitted). Here, there is no doubt that the decision and judgment issued by Justice Acosta was an adjudication on the merits.

With respect to the parties to this action, Mr. Gray cannot avoid the bar of *res judicata* simply by adding Mr. Konove, Americredit's attorney, as a defendant. *See*, *e.g.*, *Akhenaten v. Najee, LLC*, No. 07 Civ. 970, 2008 WL 857437, at *5-6 (S.D.N.Y. Mar. 31, 2008) (applying *res judicata* to dismiss claims against attorneys who represented defendants in prior action) (citing *Cameron v. Church*, 253 F. Supp. 2d 611, 623 (S.D.N.Y. 2003) ("*Res judicata* operates to preclude claims, rather than particular configurations of parties; Plaintiff's addition of new defendants, in the context of allegations of their involvement in the series of alleged deprivations, does not entitle him to revive the previously-dismissed claims.")). Though privity has traditionally been narrowly defined, the modern conception of privity is applicable in the *res*

7

*judicata* context where, as here, a new defendant has "a sufficiently close relationship to the original defendant to justify preclusion." *Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367-68 (2d Cir. 1995).

Finally, both the state court litigation and this case arise from the same transaction – that is, Mr. Gray's failure to make payments on his installment contract for the purchase of a 2000 Ford Explorer. Even if Plaintiff's conclusory allegations regarding Americredit's purported fraud or lack of standing could be interpreted as a claim that the state court judgment (rather than the underlying transaction) was procured through fraud, *res judicata* would still apply. *See Marshall*, 521 F. Supp. 2d at 246 ("[Plaintiff's] assertions that the state court judgment was procured by perjury and misrepresentations does not take the claims asserted in this case out of the purview of res judicata.") (citing *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 500 F.3d 111, 122 (2d Cir. 2007); *Campaniello Imports, Ltd. v. Saporiti Italia, S.p.A.*, 117 F.3d 655, 661-63 (2d Cir. 1997)). Under New York law, "[t]he remedy for fraud allegedly committed during the course of a legal proceeding must be exercised in that lawsuit by moving to vacate the civil judgment (CPLR 5015(a)(3)), and not by another plenary action collaterally attacking that judgment." *Id.* (citing *St. Clement v. Londa*, 8 A.D.3d 89, 90 (1st Dep't 2004); *Vinokur v. Penny Lane Owners Corp.*, 269 A.D.2d 226, 226 (1st Dep't 2000)).[2] It should be noted, moreover, that to grant summary judgment, Justice Acosta had to, by

---

[2] Parallel to the tension over when to apply the *Rooker-Feldman* doctrine, some courts in this Circuit have found, contrary to the Court in *Marshall*, 521 F. Supp. 2d at 246, that New York law would allow a plaintiff to attempt a collateral attack on a judgment based either on a lack of jurisdiction or a demonstration that the prior judgment was procured by fraud. *See, e.g., Goddard v. Citibank, NA*, No. 04 CV 5317, 2006 WL 842925, at *7 (E.D.N.Y. Mar. 27, 2006). Nevertheless, in this case, Mr. Gray's unsubstantiated assertion that the state court had no jurisdiction is without merit. *See Citibank, N.A. v. Swiatkoski*, 395 F. Supp. 2d 5, 8 (E.D.N.Y.

necessity, reject any assertion that Americredit lacked standing, or that the agreement at issue was unenforceable. *See* Konove Aff. ¶ 17; *see, e.g.*, *Rich v. Murphy*, No. 80 Civ. 6945, 1984 WL 326, at *2 (S.D.N.Y. May 7, 1984).

Although Plaintiff's § 1983 and § 1985 theories were not referenced in the state court proceeding – at least, in the decision and judgment provided with Americredit's moving papers – this is insufficient to overcome *res judicata*.³ It is the identity of facts surrounding the transaction or occurrence that constitutes the cause of action, not the legal theory upon which the plaintiff chooses to frame his complaint. *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 39 (2d Cir. 1992); *see also Trakansook*, 2007 WL 1160433, at *7; *Mac Pherson*, 452 F. Supp. 2d at 141. While Plaintiff may approach this case with different legal theories, the claims he now asserts, however labeled, concern the same transaction as in the prior state court action and were or could

---

2005) ("The federal courts are courts of limited jurisdiction. The New York State supreme courts are courts of general jurisdiction, and the presumption is that they have subject matter jurisdiction over a particular controversy unless a showing is made to the contrary."). And, as noted above with respect to the *Rooker-Feldman* doctrine, Plaintiff's allegations of fraud regarding the underlying loan transaction do not appear to be of the type recognized by certain courts as immune from *res judicata*. *See Smith v. Weinberger, P.C.*, 994 F. Supp. 418, 421 (E.D.N.Y. 1998) (citing *Bell v. Town Bd. of Pawling*, 146 A.D.2d 729, 730 (2d Dep't 1989) (when making a collateral attack "[a] challenger will not prevail by merely showing fraud in the underlying transaction but must show fraud in the very means by which the judgment was procured.")).

³ Even if this Court had subject matter jurisdiction over this action, Mr. Gray's § 1983 claim cannot be maintained against Americredit, and its lawyer, Mr. Konove, who, as private parties, are not proper parties to a § 1983 action. *See, e.g.*, *Zion Tsabbar D.D.S. v. Madden*, No. 07 CV 4923, 2007 WL 4300115, at *2 n.1 (E.D.N.Y. Dec. 5, 2007); *Montesano v. State of New York*, No. 05 CV 9574 & 10624, 2006 WL 944285, at *4 (S.D.N.Y. Apr. 12, 2006). Also fatal to Mr. Gray's § 1985 claim is his failure to allege how the Defendants' purported conspiracy was motivated by some racial or otherwise class-based discriminatory animus. *See United Brotherhood of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 834 (1983); *see also Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999).

have been raised therein.

## CONCLUSION

For the foregoing reasons, I recommend that this case be dismissed.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(e), or a total of thirteen (13) working days (*see* Fed. R. Civ. P. 6(a)), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Steven C. Robinson, at the United States Courthouse, 300 Quarropas Street, Room 633, White Plains, New York, 10601, and to the chambers of the undersigned at Room 434, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to the Report and Recommendation will preclude later appellate review of any order to judgment that will be entered by Judge Robinson. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Secretary of H.H.S.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); *Wesolek v. Canadair, Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988). Requests for extensions of time to file objections must be made to Judge Robinson and should not be made to the undersigned.
IT IS SO ORDERED.

Dated: April 22, 2008
White Plains, New York

Respectfully submitted,

_____
MARK D. FOX
UNITED STATES MAGISTRATE JUDGE


Copies of the foregoing Report and Recommendation have been sent to the following:

The Honorable Stephen C. Robinson, U.S.D.J.

Nkosi Gray
1511 Route 22 #310
Brewster, NY 10509

Ronald L. Konove
301 Old Tarrytown Road
White Plains, NY 10603

Dated: April 22, 2008
White Plains, New York

                                              Respectfully submitted,

                                              _____
                                              MARK D. FOX
                                              UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Report and Recommendation have been sent to the following:

The Honorable Stephen C. Robinson, U.S.D.J.

Nkosi Gray
1511 Route 22 #310
Brewster, NY 10509

Ronald L. Konove
301 Old Tarrytown Road
White Plains, NY 10603