UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NKOSI GRAY,<br><br>      Plaintiff,<br><br>  v.<br><br>AMERICREDIT FINANCIAL SERVICES, INC. and RONALD L. KONOVE,<br><br>      Defendants. | 07 Civ. 4039 (SCR)(MDF)<br><br>MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION |

**STEPHEN C. ROBINSON, United States District Judge:**

  In this lawsuit, *pro se* plaintiff Nkosi Gray claims that Americredit Financial Services, Inc. and Americredit's attorney, Ronald Konove, violated 42 U.S.C. §§ 1983 and 1985, as well as the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* in seeking to recover automobile loan payments purportedly due and owing from Gray. Gray explicitly seeks to have this Court review and reverse a decision rendered by the New York State Supreme Court, New York County, on March 9, 2004, in which the Honorable Ronaldo Acosta found that Americredit was entitled to summary judgment and that Gray was in default of his loan payments. This case was referred to Magistrate Judge Mark Fox to issue a Report and Recommendation on the defendants' motion to dismiss.

  Magistrate Judge Fox issued the Report and Recommendation on April 22, 2008, advising this Court to dismiss the Complaint under the *Rooker-Feldman* doctrine and under the doctrine of *res judicata*. As Judge Fox explicitly noted at the end of the Report and Recommendation, under 28 U.S.C. § 636(b)(1) and Rules 72(b) and 6(d) of the

–2–

Federal Rules of Civil Procedure, the parties had a right to file written objections to the Report and Recommendation within thirteen working days from April 22, 2008. Gray filed purported objections to the Report and Recommendation on May 9, 2008, to which the defendants responded on May 15, 2008.

## I.   STANDARD OF REVIEW

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C § 636(b)(1). To accept a Report and Recommendation to which no timely, actionable objection has been made, a district court need only satisfy itself that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted); *accord Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006); *see also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). When specific objections are made, "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "Objections to a Report and Recommendation 'are to be specific and are to address only those portions of the proposed findings to which the party objects.'" *Id.* (citing *Camardo v. General Motors Hourly-Rate Employees Pension Plan,* 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992)). However, when a party makes conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error. *Renelique v. Doe*, No. 99 Civ. 10425, 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003) (collecting cases).

.

## II. DISCUSSION

### a. Objections to the Report and Recommendation

First, Gray objects to the application of the *Rooker-Feldman* doctrine in this case. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under *Rooker-Feldman*, lower federal courts have no subject matter jurisdiction over cases that seek appellate review of state court decisions. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). Gray argues that the lower court's decision was procured through fraud and, that due to deficiencies in the state court proceeding, the judgment is void.

The Court has considered the issue *de novo*, and the legal analysis and conclusions contained in Judge Fox's Report and Recommendation on the application of the *Rooker-Feldman* are adopted entirely by this Court. For the reasons set forth in the Report and Recommendation, this Court lacks subject matter jurisdiction over Gray's claims. The defendant's motion to dismiss the Complaint for lack of subject matter jurisdiction is therefore granted.

### b. Conclusion

The remainder of Gray's purported objections fails to address any legal rule, analysis, or characterization of material facts in the Report and Recommendation. Consequently, this Court reviews the remainder of Judge Fox's Report and Recommendation for clear error only. Having reviewed the remainder of Judge Fox's thorough and well-reasoned Report and Recommendation, this Court has determined that there is no clear legal error on the face of the record. Accordingly, the Court adopts the Report and Recommendation in its entirety and orders that Gray's Complaint is

–4–

dismissed, with prejudice, due to lack of subject matter jurisdiction. The Clerk of the Court is directed to close this case, terming docket entry 8.

*It is so ordered.*

Dated: White Plains, New York

June 23, 2009

Stephen C. Robinson, U.S.D.J.